

# U.S. COMMODITY FUTURES TRADING COMMISSION
140 Broadway, 19th Floor
New York, New York 10005
Telephone: (646) 746-9700
Facsimile: (646) 746-9940



Division of
Enforcement

June 27, 2013

**By Hand Delivery**
The Honorable Victor Marrero
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/3/13

Re:  CFTC v. MF Global Inc., et al., Docket # 13 Civ. 4463

Your Honor:

I am a Chief Trial Attorney with the U.S. Commodity Futures Trading Commission (the "CFTC"), Plaintiff in the above captioned matter. Today, the CFTC filed a Complaint and initiated an action against MF Global, Inc., MF Global Holdings Ltd., Jon S. Corzine, and Edith O'Brien for violations of the Commodity Exchange Act and CFTC Regulations ("the CFTC's enforcement action"). Courtesy copies of the Complaint and the civil cover sheet are included with this letter. The CFTC indicated in its civil cover sheet that the CFTC's enforcement action is related to the consolidated class action pending before you styled *DeAngelis v. Corzine*, 11 Civ. 7866 (VM), since allegations in the *DeAngelis* action arise from events alleged in the CFTC's enforcement action and two of the parties in the CFTC's enforcement action – Jon S. Corzine and Edith O'Brien – are named defendants in the *DeAngelis* matter.

This letter serves to inform the Court that the CFTC and MF Global, Inc., through MF Global, Inc.'s SIPA trustee (the "Trustee"), have agreed to the settlement terms in the proposed Final Consent Order of Restitution, Civil Monetary Penalty, and Ancillary Relief Against MF Global, Inc. ("Proposed Consent Order"), attached hereto as Exhibit A. The Proposed Consent Order will be filed with this court for its approval and entry once the Trustee obtains approval from the Bankruptcy Court in the SIPA Proceeding to enter into the Proposed Consent Order.

Sincerely,

Steven Ringer
Chief Trial Attorney
(646) 746-9760
sringer@cftc.gov

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiff U.S. Commodity Futures Trading Commission.

SO ORDERED.

7-3-13
DATE   VICTOR MARRERO, U.S.D.J.

Enc.

cc:     (via hand delivery)

| Christopher K. Kiplok, Esq.<br>*Counsel for MF Global Inc.*<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY 10004-1482<br>kiplok@hugheshubbard.com | Daniel Nathan, Esq.<br>*Counsel for MF Global Holdings Ltd.*<br>Morrison & Foerster LLP<br>2000 Pennsylvania Avenue, NW<br>Washington, DC 20006-1888<br>DNathan@mofo.com |
|---|---|
| Andrew Levander, Esq.<br>*Counsel for Jon S. Corzine*<br>Dechert LLP<br>1095 Avenue of the Americas<br>New York, New York 10036-6797<br>andrew.levander@dechert.com | Christopher J. Barber, Esq.<br>*Counsel for Edith O'Brien*<br>Steptoe & Johnson LLP<br>115 South LaSalle Street, Suite 3100<br>Chicago IL 60603<br>cbarber@steptoe.com |

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> MF GLOBAL INC., <br> MF GLOBAL HOLDINGS LTD., <br> JON S. CORZINE, AND <br> EDITH O'BRIEN, <br><br> Defendant. | 13-cv-*4463* (V/M) <br><br> ECF CASE |

### FINAL CONSENT ORDER OF RESTITUTION, CIVIL MONETARY PENALTY AND ANCILLARY RELIEF AGAINST MF GLOBAL INC.

#### I. INTRODUCTION

On June 27, 2013, Plaintiff U.S. Commodity Futures Trading Commission ("Commission") filed a Complaint in the above-captioned action against MF Global Inc. ("MF Global") and others for violations of the Commodity Exchange Act ("CEA" or "Act"), 7 U.S.C. §§ 1 *et seq.*, and regulations promulgated pursuant thereto, 17 C.F.R. §§ 1 *et seq.*

MF Global is currently the subject of a Securities Investor Protection Act ("SIPA") liquidation proceeding in the Bankruptcy Court captioned *In re MF Global Inc.*, Case No. 11-2790 (MG) SIPA (Bankr. S.D.N.Y. 2011) (the "SIPA Proceeding"). On October 31, 2011, James W. Giddens was appointed as the trustee (the "SIPA Trustee") in the SIPA Proceeding.

## II. CONSENTS AND AGREEMENTS

To effect settlement of matters alleged in the Complaint in this action against MF Global without a trial on the merits or any further judicial proceedings as to MF Global, the SIPA Trustee, on behalf of MF Global:

1. Consents to the entry of this Final Consent Order of Restitution, Civil Monetary Penalty and Ancillary Relief Against MF Global Inc. (the "Consent Order");

2. Affirms that he has read and agreed voluntarily to this Consent Order, and that no promise, other than as specifically contained herein, or threat, has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Consent Order;

3. Acknowledges service of the Summons and Complaint;

4. Admits the jurisdiction of this Court over MF Global and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

5. Admits the jurisdiction of the Commission over the conduct and transactions at issue in this action pursuant to the Act, 7 U.S.C. §§ 1 *et seq.*;

6. Admits that venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e);

7. Waives:

   a. Any and all claims that MF Global may possess under the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. §§ 148.1 *et seq.* (2012), relating to, or arising from, this action;

  b. Any and all claims that MF Global may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, §§ 201-253, 110 Stat. 847, 857-868 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to, or arising from, this action;

  c. Any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order;

  d. All rights of appeal from this action.

 8. Consents to the continued jurisdiction of this Court and the Bankruptcy Court over MF Global for the purpose of implementing and enforcing the terms and conditions of this Consent Order and for any other purposes relevant to this case, even if MF Global now or in the future is located outside the jurisdiction of this Court;

 9. Agrees that MF Global will not oppose enforcement of this Consent Order by alleging that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and waives any objection based thereon;

 10. Admits the allegations pertaining to liability against MF Global based on the acts and omissions of its employees as set forth in this Consent Order and the Complaint, which shall be taken as true and correct solely for purposes of enforcing the terms and conditions of this Consent Order. Except as set forth in this paragraph 10 and as necessary to give effect to this Consent Order in the Bankruptcy Court, the Consent Order and/or the Complaint shall not be used, admissible or given preclusive effect in any other proceeding, and nothing in this Consent Order shall be construed to confer any rights on any third parties or inure to the benefit of any third parties;

11. Agrees that neither the SIPA Trustee nor any of his agents shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint, or creating or tending to create the impression that the Complaint and/or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect the SIPA Trustee's: (a) testimonial obligations, or (b) right to take legal positions in other proceedings to which the Commission is not a party, specifically with respect to the ongoing class action entitled *Deangelis v. Corzine, et al.*, 11-cv-07866-VM (S.D.N.Y.). The SIPA Trustee shall take all steps necessary to ensure his agents comply with this provision;

12. Acknowledges that the SIPA Trustee has estimated the combined allowed net equity claims of MF Global commodity customers with claims with respect to the futures account class (the "4d Allowed Customer Net Equity Claims") to be presently unsatisfied to the extent of approximately $562,000,000 (five-hundred sixty-two million dollars) and the combined allowed net equity claims of MF Global commodity customers with claims with respect to the foreign futures account class (the "30.7 Allowed Customer Net Equity Claims," and together with the 4d Allowed Customer Net Equity Claims, the "Allowed Customer Net Equity Claims") to be presently unsatisfied to the extent of approximately $650,000,000 (six-hundred fifty million dollars).

13. Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against MF Global in any other proceeding that is not otherwise prohibited by any applicable bar date, automatic stay or injunction, or discharged, in the SIPA Proceeding.

## III. FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR RESTITUTION, CIVIL MONETARY PENALTY AND ANCILLARY RELIEF

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

1. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006 & Supp. IV 2011).

2. Venue lies properly within this District pursuant to Section 6c(e) of the Act, 7 U.S.C. 13a-1(e) (2006).

3. MF Global is liable for having violated Sections 4d(a)(2) and 6(c)(2) of the Act, 7 U.S.C. §§ 6d(a)(2) and 9(2), and CFTC Regulations 1.12(h), 1.20, 1.22, 1.23, 1.25, and 166.3, 17 C.F.R. §§ 1.12(h), 1.20, 1.22, 1.23, 1.25, and 166.3 as alleged in Counts 1 through 4 of the Complaint.

**IT IS HEREBY ORDERED THAT:**

4. MF Global shall make restitution for the amount of $1,212,000,000 (one-billion two-hundred twelve million dollars), or such amount necessary to ensure that all 4d and 30.7 Allowed Customer Net Equity Claims are paid in full (the "Restitution Obligation"). The Restitution Obligation shall be deemed satisfied as follows:

   a. Within five (5) business days of the receipt by the SIPA Trustee of the first tranche of funds from MF Global UK Limited (in Special Administration), estimated to be approximately $290 million, pursuant to the Settlement Agreement Between the Debtor, the Trustee, MF Global UK Limited (in Special Administration) and the MFGUK Special Administrators (as approved in the SIPA Proceeding and docketed at No. 5724), which funds the SIPA Trustee estimates, based on information received from the UK Administrators, shall be

received by approximately September 15, 2013, the SIPA Trustee shall file a motion in the SIPA Proceeding seeking an order (the "Final Customer Allocation Order") authorizing the allocation and advance of such amount of general estate funds as is necessary to satisfy the Restitution Obligation in full (the "Final Distribution").

b. The Final Customer Allocation Order will provide that to the extent (and only to the extent) that the SIPA Trustee allocates and advances general estate funds to satisfy Allowed Customer Net Equity Claims to remedy any shortfalls, the general estate (and the general creditors) are subrogated to any possible claims that MF Global's former customers may have to pursue claims against third parties based on any shortfall in the customer estates.

c. Within five (5) business days of the date upon which the Final Customer Allocation Order becomes final, the SIPA Trustee shall commence the Final Distribution to the holders of 4d and 30.7 Allowed Customer Net Equity Claims consistent with the procedures previously approved by the Bankruptcy Court for distribution of property to satisfy claims. At such time the Restitution Obligation shall be satisfied.

5. Section 6c of the Act, 7 U.S.C. §13a-1, provides the Court with authority to impose a civil monetary penalty against MF Global up to a maximum of triple the monetary gain received by MF Global for the violations alleged in the Complaint, or $140,000 per violation, whichever is greater. The maximum civil monetary penalty in this case against MF Global is measured by the monetary gain, i.e. the gain to MF Global from unlawful uses of segregated customer funds during the final week of October 2011. MF Global shall pay a civil monetary

penalty in the amount of $100,000,000 (one-hundred million dollars), pursuant to Section 6c of the Act, 7 U.S.C. §13a-1 (the "CMP Obligation"). Any penalty imposed by the District Court, or any other court, shall be accorded the priority under section 726(a)(4) of title 11 of the United States Code (the "Bankruptcy Code"), 11 U.S.C. § 726(a)(4), and shall accordingly be subordinated to claims of customers and other senior classes of creditors, including general unsecured creditors, in the SIPA Proceeding pursuant to Section 726(a)(4) of the Bankruptcy Code. Nevertheless, the CMP Obligation shall constitute timely filed, allowed subordinated penalty claims of the Commission in the SIPA Proceeding payable to the extent any funds are left in the MF Global estate after satisfaction of all customer claims, all general unsecured claims and all other claims senior to a penalty pursuant to section 726 of the Bankruptcy Code. For greater certainty, all contractually subordinated claims are senior to the CMP Obligation unless otherwise expressly subordinated to penalties of the type described in Section 726(a)(4) of the Bankruptcy Code.

6. The CMP Obligation is payable by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> ATTN: Accounts Receivables—AMZ340
> E-mail Box: 9-AMC-AMZ-AR-CFTC
> DOT/FAA/MMAC
> 6500 S. MacArthur Blvd.
> Oklahoma City, OK 73169
> Telephone: (405) 954-5644

If payment by electronic transfer is chosen, Linda Zurhorst or her successor should be contacted for instructions. MF Global shall accompany payment of the CMP Obligation and/or

disgorgement with a cover letter that identifies MF Global and the name and docket number of this proceeding. MF Global shall simultaneously transmit copies of the cover letter and the form of payment to: (1) Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581; (2) the Chief, Office of Cooperative Enforcement, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581; and (3) Regional Counsel, Division of Enforcement, Commodity Futures Trading Commission, at the following address: 140 Broadway, 19th Floor, New York, NY 10005.

## IV. MISCELLANEOUS PROVISIONS

1.     This Consent Order shall supersede, amend, and/or replace any claims previously filed by the Commission in the SIPA Proceeding.

2.     Notwithstanding any other provision of this Consent Order, with the exception of the express agreements of the SIPA Trustee herein, the liquidation of MF Global shall not be prohibited or restricted by this Consent Order, and nothing in this Consent Order is intended to limit or constrain or alter the SIPA Trustee's fulfillment of his responsibilities and duties under the laws of the United States, the Bankruptcy Code and/or the Orders of the United States Bankruptcy Court including, but not limited to, those duties related to the maintenance, preservation, marshaling and distribution of MF Global's assets in accordance with the above authority.

3.     Cooperation: Subject to any legally recognized privilege of MF Global not previously waived in the SIPA Proceeding, the SIPA Trustee has cooperated and shall continue to cooperate fully and expeditiously with the Commission, including the Commission's Division of Enforcement, and any other governmental agency, department or office in this action, and in

any investigation, civil litigation, or administrative matter related to this Consent Order or the Complaint, or any current or future Commission investigation related thereto.

4.  Notice: All notices required to be given by any provision in this Consent Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

Stephen J. Obie
Regional Counsel
Division of Enforcement
U.S. Commodity Futures Trading Commission
140 Broadway, 19th Floor
New York, NY 10005

Notice to MF Global:

James B. Kobak, Jr.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004

Attorneys for James W. Giddens, Trustee for
The SIPA Liquidation of MF Global Inc.

5.  Authority: The SIPA Trustee has obtained prior approval from the Bankruptcy Court in the SIPA Proceeding to enter into this Consent Order and the SIPA Trustee, or anyone so designated on his behalf, has been duly empowered to sign and submit this Consent Order on behalf of MF Global.

6.  Entire Agreement and Amendments: This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

7.  Invalidation: If any provision of this Consent Order, or if the application of any provision or circumstances is held invalid, the remainder of this Consent Order and the

application of the provisions to any other person or circumstances shall not be affected by the holding. In the event that the Restitution Obligation is not satisfied pursuant to this Consent Order, the remaining provisions, including, but not limited to, the consents and agreements set forth in Section II of this Consent Order are unaffected.

8. Waiver: The failure of any party to this Consent Order at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach of waiver of the breach of any other provision of this Consent Order.

9. Counterparts and Facsimile Execution: This Agreement may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Agreement that is delivered by facsimile shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Agreement.

10. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this cause to ensure compliance with this Order and for all other purposes related to this action, including any motion by the Trustee to modify or for relief from the terms of this Consent Order.

11. The SIPA Trustee understands that the terms of the Consent Order are enforceable through contempt proceedings and that, in any such proceedings, he may not challenge the validity of this Consent Order.

CONSENTED TO AND APPROVED BY:

_____
James W. Giddens, solely in his capacity as Trustee for the SIPA liquidation of MF Global Inc.

Date: _____

_____
James B. Kobak, Jr., Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004
(T) (212) 837-6000
(F) (212) 422-4726

Counsel for James W. Giddens, solely in his capacity as Trustee for the SIPA liquidation of MF Global Inc.

Date: _____

_____
Steven Ringer
Chief Trial Attorney
Stephen Obie
Regional Counsel
U.S. COMMODITY FUTURES TRADING COMMISSION
140 Broadway, 19th Floor
New York, New York 10005
(646) 746-9700
(646) 746-9940 (facsimile)
Attorneys for Plaintiff

Date: _____

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this *Final Consent Order of Restitution, Civil Monetary Penalty and Ancillary Relief Against MF Global Inc.*

**IT IS SO ORDERED**

DATED:     New York, New York
           _____, 2013

                                                   [_____]
                                                   United States District Judge